The President
delivered the opinion of the Court.
The act prescribing the method of proving book debts, passed in 1748, [c. 25, 6 Stat. Larg. 53], and repealed by the act of 1779, will aid the Court in the construction of the latter act., The act of 1748 begins by explaining the cases to which it applies, to wit, “all actions founded on emisset, &c.” If, in such a case, the plaintiff could support his action without his book, that act would have no application to it. But, if he could swear that the matter in dispute was a store account, and that he had no means to prove the delivery of the articles therein contained, or any of them, but by his store-book, in that case the book, or a copy of the account, might be given in evidence. Thus was a store account admitted; and this forms the subject, of the act of 1779. There were two evils tobe removed by that act. The first, the act of 1748, which was to be repealed: The second, extensive credit, which was to be prevented. The*first evil was cured by repealing the law: See, then, the means which were used to cure the second.
The act of 1748 brings the account into Court, as necessary to support the action; and the act of 1779 supposes it there. What are the words? ‘ ‘All suits founded on account for goods, wares and merchandize sold and delivered, or for any articles charged in any store account.” What is a suit founded on an account? Is it a suit on simple contract in opposition to bonds? Or is the suit properly founded on an account, according to the true meaning of the act, when the plaintiff cannot support it without producing his account, which when produced appears to be a store account? The latter seems to be the just construction : And this construction establishes the distinction between an express and implied promise. In the one case, the account must be produced, and the law will operate upon it; in the other, the suit is maintainable without the account. The subsequent parts of the law support this exposition. The penalty for post-dating an article, and the clause for rejecting such *591 articles as shall have been delivered more than six months, suppose the account before the Court.
It is objected that this construction would defeat the law; as merchants would on all occasions, bring in witnesses to prove as-sumpsits. If the proof be untrue, every case, as well as this, must be subject to the inconvenience: If true, where is the mischief? It is said the act will be evaded. But the act relates only to suits upon the account; and not more to actions on a special contract, than to those on a bond, where the germ is a store account. The special verdict shews the case to have been one comprehended in the act of 1779; and the question of law referred to the court is, Whether, after the action has been barred on the account, it may be maintained on a special promise? The case of a bankrupt is extremely apposite. *He is as completely discharged by law as was the purchaser in this case: But if, though so discharged, he yet thinks him-, self under a moral obligation to pay a debt, that moral obligation supports the promise. So in this case, a promise, in consideration of the moral obligation, will support the action, it not being necessary to bring the account before the court. We are therefore of opinion that it is to be certified that the law upon the verdict is for the plaintiff.